

**MANAGING PARTNERS**
Phillip C. Hamilton, Esq.
Lance A. Clarke, Esq.

October 16, 2023

**BY ECF AND EMAIL**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10005
Failla_NYSDChambers@nysd.uscourts.gov



Re:   *Mason v. City of New York* et al., No. 23 Civ. 0029 (KPF)

Your Honor:

We represent Plaintiff Andrew Mason, who was attacked by other incarcerated individuals at Rikers Island because of New York City policymakers' deliberate indifference to the widespread and longstanding problem of inmate-on-inmate violence at Rikers. We write in opposition to Defendants' belated letter motion seeking to bifurcate *Monell* discovery.

Defendants' request for bifurcation comes ten months into this case and five months into discovery. It is untimely and meritless. Bifurcation would be uniquely inappropriate in this case because Plaintiff's claims against the individual defendants are inextricably intertwined with his *Monell* claim—a reality borne out by Defendants' own apparent inability to distinguish between Plaintiff's distinctly-pled claims against the City and Defendants Vincent Schiraldi and Kenneth Stukes in their individual capacities. None of the cases upon which Defendants rely in moving to bifurcate involves a widespread and systemic deliberate indifference *Monell* claim as this case does. Bifurcation under these circumstances would guarantee wasteful and duplicative proceedings. It would also contravene the interests of justice: The City's ongoing deliberate indifference to the rampant violence at Rikers Island has been exhaustively documented, and it disserves the Constitution and the remedial purposes of § 1983 to pretend that this case is just about the actions of a few correctional officers.

**I.     Defendants' Motion is Untimely**

Defendants ignore that they consented to, and the Court entered, a joint scheduling order five months ago that does not bifurcate discovery. Dkt. No. 26 (Civil Case Management Plan, dated May 18, 2023). The current scheduling order cannot be modified absent good cause, *see* Fed. R. Civ. P. 16(b)(4), and the "primary consideration" in determining whether good cause exists is the diligence of the moving party. *Lieb v. Korangy Publishing, Inc.*, No. 15 Civ. 40, 2016 WL 8711195, at *5 (E.D.N.Y. Sept. 30, 2016). Defendants' dilatory request demonstrates a lack of good cause for the motion.

Defendants do not even attempt to explain why they waited five months into discovery—to raise this issue.[1] They have known that Plaintiff was seeking *Monell* discovery since at least June 8,

---

[1] When Defendants filed a request to extend fact discovery in August 2023, they did not raise the prospect of moving to bifurcate *Monell* discovery. Indeed, Defendants only filed this motion in response to Plaintiff's recent letter motion seeking to compel relevant discovery. Dkt. No. 37.



2023, when Plaintiff served his first set of discovery requests. Indeed, the parties' proposed civil case management plan—adopted by the Court in May—evinces that Defendants were contemplating filing a motion to bifurcate at outset of this case. *See* Dkt. No. 26 at 6 (noting that Defendants may "potentially" file a motion to bifurcate). Defendants offer no explanation why they waited over four months after receiving Plaintiff's discovery request to seek this relief.

## II.     Bifurcation Is Not Warranted

"Just as bifurcation may save judicial resources, it [can] cause a waste of judicial resources." *Devito v. Barrant*, No. 03 Civ. 1927, 2005 WL 2033722, at *11 (E.D.N.Y. Aug. 23, 2005). That is the case here. Defendants do not and cannot demonstrate that Rule 42's goals of efficiency, convenience, and the prevention of prejudice would be served by bifurcation. Fed. R. Civ. P. 42(b); *Pavone v. Gibbs*, No. 95 Civ. 0033, 1997 WL 833472, at *2 (E.D.N.Y. Sept. 29, 1997) (movant's burden).

While Defendants' letter seeks to recast Plaintiffs' case as one involving only an isolated incident of neglect by individual correctional officers, this ignores the theories of liability Plaintiff actually asserts. Plaintiff's complaint includes three causes of action under § 1983 against Defendants Schiraldi and Stukes individually and a distinct *Monell* claim against the City of New York, none of which Defendants moved to dismiss.[2] Plaintiff's *Monell* claim is premised on the City's ongoing failures to ensure that individuals incarcerated at Rikers are accorded even a modicum of safety from one another. *See* Dkt. No. 41 (FAC) at ¶¶ 113-123 (outlining policies and practices including housing violent and non-violent incarcerated individuals together; correctional officers' routine abandonment of posts and failure to intervene in interpersonal violence; and the negligent hiring, retention, training of supervision of correctional officers, among other things).

Defendants' baseless assertion that Plaintiff's *Monell* claim is "frivolous" proves how weak Defendants' position is on this motion. The opposite is true.[3] The City's ongoing deliberate indifference to the safety of individuals at Rikers Island has been exhaustively documented. The court-appointed *Nunez*[4] monitor—*joined by the U.S. Attorney for the Southern District of New York*—recently petitioned Judge Swain to place the facility in federal receivership after documenting that the City has repeatedly failed to correct rampant problems, including correctional officers' routine

---

[2] Insofar as Defendants argue that the Court should indefinitely delay Plaintiff's depositions of Defendants Schiraldi and Stukes, Defendants continue to misapprehend that Plaintiff has sued Defendants Schiraldi and Stukes in their individual capacities for their personal indifference to the widespread constitutional violations occurring under their supervision.

[3] Insofar as Defendants characterize Plaintiff's *Monell* claim as a "fishing expedition" and accuse Plaintiff of "staunchly pursuing" the depositions of Defendants Schiraldi and Stukes while making "no effort . . . to coordinate deposition dates of the officers who were working on and/or directly involved in the incident, including Officers Espino, Espejo, Figueroa, Allen, Conyers," Dkt. No. 42 at 2, that argument is deeply disingenuous. Defendant identified Officers Espejo and Figueroa for the first time in a letter to Plaintiff on September 29, 2023 (two weeks ago), and that same letter also made clear that Officer Espino—whom Defendants identified in their initial disclosures—actually had no involvement in this incident whatsoever. If Plaintiff has not yet endeavored to depose the correctional officers involved in this incident, it is only because he only just learned their identities and would have deposed an officer with no relation to this incident had he done so.

[4] Pursuant to a consent judgment in *Nunez v. City of New York*, 11 Civ. 5845 (LTS) (S.D.N.Y.), a court-appointed monitor has monitored conditions at Rikers since October 22, 2015.



abandonment of their posts and frequent failures to intervene in interpersonal violence.[5] Likewise, City policymakers have acknowledged the DOC's widespread, systemic failures. For instance, on October 1, 2021—*only four days before Mr. Mason was attacked by other inmates*—Defendant Schiralidi testified before the New York State Assembly Committee on Correction that the DOC was suffering from staffing problems so severe that "[n]ot only have officers had to work triple shifts, [the DOC has] also been dealing with unmanned posts, making it difficult for us to provide the level of care that those who work and live in our facilities deserve."[6]

Defendants' motion rests on use-of-force cases, where the underlying constitutional violation against the individual officers is based on a distinct set of facts. That is not the case here, where the *Monell* claim against the City is based on years of indifference to widespread violence and unsafe conditions at Rikers Island. The City's liability is not derivative of the individual officers' liability – it is a separate and distinct inquiry whether the City has violated Mr. Mason's Fourteenth Amendment rights and is liable under § 1983.[7]

The discovery and evidence needed to prove Plaintiff's claims against the individual defendants necessarily includes the same evidence to be proffered against the City, and *vice versa*. It follows that, even setting aside the fact that two trials would needlessly lengthen and complicate this case, sequencing these proceedings will inevitably multiply the costs and burdens on the parties by inviting the duplication of effort (two searches of email systems, policies and procedures, multiple depositions of the same witnesses, etc.). All of this duplicative discovery would be unnecessarily complicated by the impossibility of trying to draw nonexistent lines between evidence related to claims against the individual defendants and the City. Indeed, as explained more fully in Plaintiff's October 3, 2023 letter motion seeking to compel discovery, Dkt. No. 37, Defendants have *already* speciously invoked *Monell* as grounds for refusing to turn over numerous documents obviously relevant to Plaintiff's individual liability claims, including training materials; rules and regulations relating to the supervision of incarcerated individuals and intervening in inmate-on-inmate violence; and the safety assessments used to assign incarcerated individuals to housing units. *Id.* at 3; *see also* Dkt. No. 37-3 at 17-22. (Defendants' responses to Plaintiff's 22nd and 24th to 31st document requests).[8]

---

[5] *See* Jonah E. Bromwich, *After Days of Chaos at Rikers, Judge to Hear Arguments for Takeover*, N.Y. TIMES (Aug. 10, 2023), https://www.nytimes.com/2023/08/10/nyregion/rikers-island-jail-federal-takeover.html (last visited Oct. 16, 2023).

[6] *See* Testimony before the New York State Assembly Committee on Correction by Vincent Schiraldi, NYC.GOV (OCT. 1, 2021), https://www.nyc.gov/site/doc/media/commissioner-10-1-testimony.page (last visited Oct. 16, 2023).

[7] Defendants' argument is also internally inconsistent. The City contends that its *Monell* liability rests on a determination that the individual defendants violated the constitution, but Defendants Schiraldi and Stukes then argue that they should not be deposed because their liability is duplicative of the City's *Monell* liability. Defendants cannot have it both ways.

[8] As detailed in Plaintiff's October 3, 2023 letter motion, Defendants have withheld numerous other documents based on equally specious objections, including by asserting a frivolous privilege based on "[t]hird party privacy interest, security, and relevance" to justify withholding DOC security assessments and securing orders for Mr. Mason's assailants. Dkt. No. 37 at 3; *see also id.* (explaining that Defendants have objected to producing these records "to the extent" the records "are subject to protection via HIPAA and/or NYS CPL 160.50/55" but have admitted that these objections are "hypothetical" insofar as Defendants have not actually reviewed the pertinent materials to determine whether HIPPA or C.P.L. § 160.50/55 are actually implicated in the first instance).



October 16, 2023
Page 4

\*\*\*

Even if Defendants' anticipated motion was not woefully late, there are no "particularly compelling" circumstances here to warrant the "exceptional" remedy of bifurcation. *Kos Pharms., Inc. v. Barr Labs, Inc.*, 218 F.R.D. 387, 391 (S.D.N.Y. 2003). The Court should deny Defendants leave to file their intended motion to bifurcate, compel Defendants to Schiraldi and Stukes to appear for their duly-noticed depositions, and order Defendants to produce the requested *Monell* discovery.

Sincerely,

Adam Strychaluk
Joshua S. Moskovitz
Brian Buckmire

cc: All Counsel of Record

The Court is in receipt of the parties' discovery dispute letters at docket numbers 37, 42, 43, and 44.  The parties are hereby ORDERED to appear for a telephone conference regarding these disputes on **October 24, 2023,** at **3:00 p.m.**  The dial-in information is as follows: At 3:00 p.m. the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 3:00 p.m.

The Clerk of the Court is directed to terminate the pending motions at docket numbers 37 and 42.

Dated:     October 19, 2023          SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE