

MANAGING PARTNERS
Phillip C. Hamilton, Esq.
Lance A. Clarke, Esq.

November 2, 2023

**BY ECF AND EMAIL**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10005
Failla_NYSDChambers@nysd.uscourts.gov



Re:     *Mason v. City of New York* et al., No. 23 Civ. 0029 (KPF)

Your Honor:

We represent Plaintiff Andrew Mason and write under Local Rule 6.3 to request reconsideration of the part of the Court's November 1, 2023 Order (Dkt. 49) that did not compel Defendants to produce the documents pertaining to Kevin Wilson that were identified on Defendants' privilege log. Defendants' *ex parte* letter gave the impression they had produced all of the Wilson documents when, in fact, they have produced only 3 of the 20 pages of such documents. *Id.* at 1. Accordingly, the Court did not compel Defendants to produce the Wilson documents "based on the Court's understanding that Defendants have already produced the documents on the log that are relevant to Mr. Wilson." *Id.* at 3. Since this understanding was based on the inaccurate impression given by Defendants' *ex parte* letter, Plaintiff moves for partial reconsideration and asks that the Court compel Defendants to produce all the Wilson documents for the same reasons the Court ordered Defendants to produce the documents on Defendants' privilege log pertaining to Jonathan Rivera (*see id.*).

It appears that Defendants submitted 11 documents (totaling 19 pages) relating to Mr. Wilson to the Court for *in camera* review. Those 11 documents are:

| Bates Range | Description |
| --- | --- |
| DEF 51 | Scan of File Cover of Wilson |
| DEF 52 | Scan of File Accompanying Card of Wilson |
| DEF 53 to DEF 55 | Calendar entries - Wilson, Kevin |
| DEF 56 to DEF 58 | Securing Order for Wilson, Kevin |
| DEF 59 | Inmate Inquire Screen (QINQ) Printout for Wilson, Kevin |
| DEF 60 | Inmate Identification Entry Printout for Wilson, Kevin |
| DEF 61 to DEF 64 | Court Case Data Entry Printout for Wilson, Kevin |
| DEF 65 | Inmate Classification (CL) - Reclass Printout for Wilson, Kevin |
| DEF 66 | Infractions Inquiry (QIF) Printout for Kevin Wilson |



November 2, 2023
Page 2

| DEF 67[1] | Arraignment and Classification Risk Screening Form for Kevin, Wilson |
| DEF 85 to DEF 86 | Inmate Detail, Wilson, Kevin NYSID: 14251409H |

Ex. 1 (Defendants' Privilege Log).

There is a 12th document listed on Defendants' privilege log pertaining to Kevin Wilson that is not listed on Defendants' *ex parte* letter and appears not to have been submitted to the Court for *in camera* review:

| Bates Range | Description |
| --- | --- |
| DEF 17 | Inmate Voluntary Statement Form Wilson Kevin |

Ex. 1. Thus, there are in fact 12 documents totaling 20 pages relating to Mr. Wilson that were withheld by Defendants as identified on their privilege log. Of these 12 documents, Defendants have produced only 3: DEF 17[2] (1 page), DEF 59 (1 page), and DEF 67 (1 page). Defendants have **not** produced the other 9 documents—totaling 17 pages—that are identified on Defendants' privilege log.

If Defendants contend that the other 9 Wilson documents they have not produced were not "specifically requested by Plaintiff in Plaintiff's documents demands," and therefore, their *ex parte* letter was technically accurate, even if misleading in implying that all of the Wilson documents had been produced (it seems the Court understood it that way), that argument would be wrong.[3] Plaintiff's first set of document requests explicitly requested the 9 documents that Defendants have not produced (which explains why Defendants identified these documents in their privilege log in the first instance):

> **Request No. 17.** For Inmate Kevin Wilson, Book & Case Number 4102100186, any and all documents, records, or reports, including, but not limited to, assessments of his security risk, history of gang affiliation, history of violence, separation orders, and disciplinary records.

---

[1] Defendants' privilege log incorrectly labeled DEF 67 as "Arraignment and Classification Risk Screening Form *for Jonathan Rivera*," *see* Ex. 1 at 2, but that document is the 1st page of the 2-page Arraignment and Classification Risk Screening Form for Kevin Wilson. As discussed below, Defendants have not produced the 2nd page of that document, which contains the critical information about the Department of Corrections' risk assessment for Kevin Wilson. *Compare* DEF 48-49 (Arraignment and Classification Risk Screening Form of Jonathan Rivera).

[2] This document was previously provided to Plaintiff in redacted form, redacting Mr. Wilson's date of birth and age. Plaintiff has no objection to that redaction in that document.

[3] The relevant passage in Defendant's *ex parte* letter reads: "Accordingly, on October 20, 2023, Defendants produced to Plaintiff information pertaining to Mr. Wilson that was included in that file and specifically requested by Plaintiff in Plaintiff's documents demands, documents bearing Bates Nos. DEF 59 and DEF 67." Dkt. No. 49 at 1.



November 2, 2023
Page 3

**Request No. 18.** All documents maintained in the Separation Orders Inquiry (QSEP) database concerning: . . . Kevin Wilson.

**Request No. 19.** All documents maintained in the Inmate Inquiry Screen (QINQ) database for: . . . Kevin Wilson.

**Request No. 20.** All Arraignment and Classification Screening Forms for: . . . Kevin Wilson.

Ex. 2 (Plaintiff's June 8, 2023 Discovery Requests) at 6-7. All outstanding Wilson documents are therefore responsive to Plaintiff's document requests.

Accordingly we ask the Court to order Defendants to produce ***all*** of the documents pertaining to Mr. Wilson, including the ***complete*** Arraignment and Classification Risk Screening Form for Mr. Wilson, DEF 67. As the Court can see, DEF 67 is only the 1st of the 2 pages of that form, and the missing page contains the critical information. *See supra* n.1. We emailed Defendants' counsel on October 23, 2023 to point out that they had produced only the 1st page of the 2-page Arraignment and Classification Risk Screening Form for Mr. Wilson and requested the 2nd page be produced. Defense counsel has not responded to that request.

We thank the Court for its time and attention to this request.

Sincerely,

Adam Strychaluk
Joshua S. Moskovitz

cc:     All Counsel of Record

Encl.   Ex. 1 – Defendants' Privilege Log
        Ex. 2 – Plaintiff's June 8, 2023 Discovery Requests

Application GRANTED.  The Defendant is hereby ORDERED to produce all documents pertaining to Mr. Wilson.  For the reasons expressed in the Court's prior endorsement on November 1, 2023, (Dkt. #49), the documents shall be produced and designated "attorney-eyes only." Defendants shall also make appropriate redactions of non-material, personally identifying information.  Defendants shall complete this production on or before **November 10, 2023.**

The Clerk of the Court is directed to terminate the pending motion at docket number 52.

SO ORDERED.

Dated:      November 3, 2023
            New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE