UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW MASON,

                              Plaintiff,

        -against-

CITY OF NEW YORK, VINCENT SCHIRALDI,
Individually, KENNETH STUKES, individually, JOHN
OR JANE DOE 1-5, individually, JOHN OR JANE DOE
6-10, individually,

                              Defendants.
------------------------------------------------------------------X

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

23-CV-00029 (KPF)

**WHEREAS**, Defendants City of New York, Vincent Schiraldi, and Kenneth Stukes ("Defendants"), intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

**WHEREAS**, Defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between attorneys for Plaintiff and the attorneys for Defendants that documents and information shall be produced in accordance with the terms set forth below:

1. As used herein, this "Matter" shall mean the pending action between Plaintiff and defendants captioned *Andrew Mason v. City of New York et al.,* 23-CV-00029 (KPF).

2. As used herein, without waiving the right to later interpose objections concerning the production of these documents, "Confidential Materials" shall mean:

    (A) Department of Corrections ("DOC") employment/personnel related records for the individual Defendants;

    (B) Any other disciplinary histories or other records from DOC or any other governmental agency;

    (C) Full names and contact information of non-party individuals and/or witnesses;

    (D) DOC training or policy materials, including, but not limited to, policy documents, Operation Orders, training manuals, and/or directories; and

    (E) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than Defendants, or (b) are otherwise publicly available.

4. The producing party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to counsel for the receiving party.

5. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents.

6. Confidential Materials may not be used for any purpose other than for the preparation, settlement, or presentation of this action.

7. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from

discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. Notwithstanding the provisions of this Confidentiality Order, if the receiving party or anyone on the receiving party's behalf makes public representations, the substance of which concerns or is contained in the Confidential Materials, the producing party may move the Court, on an expedited basis, for relief.

9. If the receiving party objects to the designation of particular documents or information as "Confidential Materials," the receiving party shall state such objection in writing to the producing party, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved among the parties, then, within thirty (30) days of receiving the response to the objection to the material's classification as confidential, the receiving party shall seek judicial intervention to ask that the Court remove the designation. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

10. The receiving party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of the party's case in this Matter, to those individuals described in subparagraph (b) below.

b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Matter, to a witness during a deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), the disclosing party or the disclosing party's attorney, should one be obtained, shall provide each such person with a copy of this Confidentiality Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The disclosing party shall retain the signed consent form and furnish a copy to the producing party's attorney upon request, although the name of an expert that a party does not intend to call as a trial witness may be redacted from such consent form before it is produced.

11. Deposition exhibits and testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential. Any party may designate the deposition exhibits and portions of deposition testimony as Confidential either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, and can request that the court reporter/stenographer bind the transcript of the designated testimony in a separate volume with a cover page prominently marked "Confidential Information Governed by Confidentiality Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within forty-five (45) days after a deposition transcript has been

received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the respective designating parties. Failure to make such designation does not constitute a waiver of confidentiality.

12. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. However, where the confidential information is not material to issues addressed in court submissions and Defendants agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given and the parties agree in writing to the use of confidential information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this mater, such information will not be subjected to the instant Confidentiality Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

15. Within 30 days after the termination of this Matter, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed; except that

Plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing Plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. Nothing in this Confidentiality Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

17. This Confidentiality Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Matter has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the receiving party, or anyone receiving confidential documents pursuant to paragraph 10 herein, for any purpose without prior Court approval.

18. The terms of this Confidentiality Order shall be binding upon all current and future parties to this Matter, and their counsel.

19. The Court will retain jurisdiction over all persons subject to this Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| Joshua Samuel Moskovitz<br>*Attorney for Plaintiff*<br>Hamilton Clarke, LLP<br>48 Wall Street<br>Suite 1100<br>New York, NY 10005<br><br>By: _____<br>Joshua S. Moskovitz | HON. SYLVIA RADIX-HINDS<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants City of New York,*<br>*Vicnent Shiraldi, and Kenneth Stukes*<br>100 Church Street, Room 3-313<br>New York, New York 10007<br><br>By: _____<br>Thomas Lai<br>*Senior Counsel* |

SO ORDERED:

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

Dated:    November 17, 2023
         New York, New York

This confidentiality agreement does not bind the Court or any of
its personnel.  The Court will retain jurisdiction over the terms
and conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's Individual
Rules of Civil Procedure.

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Order dated _____ 20\_\_, entered into the Matter entitled *Andrew Mason v. City of New York et al.,* 23-CV-00029 (KPF) and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____    Signature: _____

Print Name: _____

Occupation: _____