UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW MASON,

                       Plaintiff,

-against-

CITY OF NEW YORK, VINCENT SCHIRALDI,
Individually, KENNETH STUKES, individually, JOHN
OR JANE DOE 1-5, individually, JOHN OR JANE DOE
6-10, individually,

                       Defendants.
------------------------------------------------------------------X

**STIPULATION AND PROTECTIVE ORDER CONCERNING THE INSPECTION OF CERTAIN AREAS OF THE N.Y.C. DEPT OF CORRECTION'S ERIC M. TAYLOR CENTER (EMTC)**

23-CV-00029 (KPF)

      **WHEREAS**, Plaintiff's counsel has requested that the City of New York provide them with access to the New York City Department of Correction's ("DOC") Eric M. Taylor Center for the purposes of inspecting and photographing the housing area, unit, bathrooms, day room, and observation posts where Plaintiff was detained on October 5, 2021, specifically, the "1 Upper Dorm" located therein, pertaining to the above-referenced case;

      **WHEREAS,** because of security concerns, DOC deems the photographs and any information or document depicting the DOC Facility privileged and/or confidential; and

      **WHEREAS,** DOC objects to granting plaintiff's counsel access to the DOC Facility for the purpose of inspecting and taking photographs, unless appropriate measures are undertaken for purposes of confidentiality and security, and plaintiff's counsel agrees to and abides by such measures, as specified in the terms and conditions set forth below; and

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys for DOC and plaintiff, respectively, as follows:

1. As used herein, "Confidential Materials"[1] shall mean the specific areas of the DOC Facility to be inspected as well as the photographs, negatives or digital camera files, print images, sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the visit to the DOC Facility, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by the defendant from sources other than DOC, or (b) are otherwise publicly available.

2. Plaintiff's attorneys, Joshua S. Moskovitz, Adam Ivan Strychaluk, Calla Ketchens, Jason Louis Leventhal, and Brian G. Buckmire shall not disclose the Confidential Materials to any person not a member of the staff of their law office(s), other than the parties themselves, except under the following conditions:

 (a) Disclosure before trial may be made only to experts retained or specifically employed by plaintiff, or their attorney(s), in this action, in anticipation of litigation or preparation for this action, to a witness at a deposition, or to the Court.

 (b) Before any disclosures are made to a person listed in subparagraph (a) above (other than the Court), plaintiff's attorney(s) shall provide each person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A", not to use the Confidential Materials for any purpose other than in connection with the prosecution of this

---

[1] By entering into this Stipulation, defendants do not waive any other objections which may exist to the production of documents defined as "Confidential Materials" herein nor do defendants waive any objections to their admissibility.

2

case and not to further disclose the Confidential Materials except in testimony taken in this case.

3. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of the above-entitled case.

4. Plaintiff's attorney(s) shall provide any individual accompanying him to the DOC Facility with a copy of this Stipulation and Protective Order, and such person shall read same and consent in writing, in the form annexed hereto as Exhibit "A", not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials. The original of each signed consent form shall be retained by plaintiff's attorney(s) and a copy thereof shall be brought to the inspection and given to counsel for defendants.

5. Deposition testimony and trial testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is to be filed in this Court, those portions of the papers shall be filed under seal in accordance with the rules of the district court in which the action is filed and/or the Individual Rules of the judge to whom the papers are directed.

7. However, where the confidential information is not material to issues addressed in court submissions and where the parties agree in writing that the redaction of

confidential and/or identifying information would be sufficient to protect the interests of the thos identified in paragraph "1" above, the parties may file redacted documents without further order of the Court.

8. Any party seeking to file papers with the Court that incorporate confidential information or reveal the contents thereof shall give the opposing party reasonable advance notice of its intent to use such materials. If, after receiving such notice, the opposing party promptly indicates that it objects to filing of some or all of the confidential information, the filing party shall make an application to the Court to file the confidential information under seal. If the opposing party registers no objection or the Court does not approve filing the information under seal, the filing party may file the confidential information without seal.

9. In the event the District Court finds the Confidential Materials admissible at a trial of this action, the Confidential Materials may be disclosed to any witnesses who may be called to testify about them, provided that such witnesses acknowledge, either in writing or on the record, their understanding of the Protective Order and the fact that they are bound by its terms.

10. Within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs, negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys, or, upon the their consent, destroyed (except as to privileged material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to

defendants' attorneys, which affidavit to include the manner and timing of its destruction, and that no copies were made and not destroyed.

11. Plaintiff's attorneys and/or anyone else accompanying them to the DOC Facility shall NOT under any circumstances inspect, photograph or draw in any fashion the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, doorknobs and/or other similar equipment used to secure the doors, gates and windows; and any inmate, or police or correction personnel whether in uniform or not, who are observed at the DOC Facility unless it is impractical to photograph a location deemed relevant by Plaintiff's counsel without including such items, in which case, the parties will adhere to the procedures described in Paragraph 16 to resolve how such photograph may be used to resolve DOC's security concerns (e.g. by redacting certain items in the photographs). The attorneys and/or anyone accompanying them may not bring or use a video camera, tape recorder, wide angle camera or cell phone. Furthermore, any digital cameras and/or devices capable of operating in a video recorder, tape record, and/or wide angle camera mode may not be operated as such while the attorneys and/or anyone accompanying them are present inside of the DOC facility.

12. Plaintiff's attorneys shall not speak to any inmate for any reason.

13. Plaintiff's attorneys shall not interview or question any DOC staff for any reason.

14. If at anytime it appears to the Department's counsel and/or DOC staff present during the site visit that Plaintiff's attorneys, whether inadvertently or not, are inspecting or taking photographs or drawings of any prohibited item, area or individual described above,

Plaintiff's attorney will be immediately directed and expected to cease inspecting, photographing or drawing.

15. Plaintiff's attorneys shall provide the Department with color duplicates of all photographs and/or drawings taken during the above-mentioned site visit, regardless of their quality, and shall designate in good faith such documents as "Confidential Materials" by labeling such documents "Confidential" and by designating such documents by Bates numbers in a writing directed to the defense counsel. Defendants' attorneys reserve the right after inspection of these documents to determine whether a prohibited item, area or individual as described above, has been photographed and/or drawn by Plaintiff. Defense counsel will inform Plaintiff's attorneys of such determinations within a reasonable time frame after receipt of the photographs and drawings. *Plaintiff will, within ten (10) days after receipt of defendants' objections,* respond in writing to the defendants' determination concerning the photograph of the prohibited items, areas, or persons. If the parties cannot resolve such matters after a good-faith effort, then Plaintiff's attorney may seek relief from the Court. While the resolution of such matters is pending before the Court, the disputed materials will be kept as "attorneys' eyes" only and will not be used in any manner until the dispute is resolved in writing.

16. The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court. The failure of the Court to enter this Stipulation and Order shall not void or otherwise alter the agreement between the parties.

17. Nothing in this Stipulation and Protective Order shall be construed to limit the DOC's use of the Confidential Materials in any manner.

18. This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

6

19. The terms of this Stipulation and Protective Order shall be binding on all current and future parties to this action and their counsel.

20. This Stipulation and Protective Order shall survive the termination of this Action and shall continue to be binding upon all parties to whom the Confidential Materials were produced or disclosed after the conclusion of this Action.

WHEREFORE, "Confidential Materials" are deemed confidential because of security, law enforcement, governmental and/or privacy interests of the defendants, DOC, its present and former employees, contractors and subcontractors, and inmates.

Joshua Samuel Moskovitz
*Attorney for Plaintiff*
Hamilton Clarke, LLP
48 Wall Street
Suite 1100
New York, NY 10005

By: _____
Joshua S. Moskovitz

HON. SYLVIA RADIX-HINDS
Corporation Counsel of the
City of New York
*Attorney for Defendants City of New York, Vicnent Shiraldi, and Kenneth Stukes*
100 Church Street, Room 3-313
New York, New York 10007

By: _____
Thomas Lai
*Senior Counsel*

SO ORDERED:

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

Dated:   November 17, 2023
         New York, New York

This agreement does not bind the Court or any of its personnel.  The Court will retain
jurisdiction over the terms and conditions of this agreement only for the pendency of
this litigation.  Any party wishing to make redacted or sealed submissions shall
comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

7

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the attached Stipulation of Confidentiality and Protective Order issued in the action entitled *Andrew Mason v. City of New York, et al.*, Case No. 23-CV-00029 (KPF) (S.D.N.Y.), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except as permitted by the Stipulation of Confidentiality and Protective Order.

_____                    _____

Date                                                         Signature

                                                              _____

                                                              Print Name