

**PARTNERS**
Phillip C. Hamilton, Esq.
Lance A. Clarke, Esq.
Joshua S. Moskovitz, Esq.
Drew G.L. Chapman, Esq.
Rani Gill, Esq.

December 8, 2023

**BY ECF AND EMAIL**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10005
Failla_NYSDChambers@nysd.uscourts.gov



Re:   *Mason v. City of New York* et al., No. 23 Civ. 0029 (KPF)

Your Honor:

We represent Plaintiff and write in response to Defendants' December 8, 2023 letter motion wherein Defendants requested a settlement conference and an extension of time to reply to Plaintiff's response to Defendants' motion for reconsideration.

First, Plaintiff objects to the premature scheduling of a settlement conference as it would not be a judicious use of the parties' and the Court's resources. While Plaintiff served a settlement demand yesterday,[1] Defendants understandably need time to substantively respond. Notwithstanding, as Defendants recently expressed a large disconnect from Plaintiff's views on liability, Plaintiff believes that a meaningful counteroffer is required to assess whether a settlement conference would or could be productive at this juncture and that a conference prior to the completion of additional discovery would only serve to needlessly burden the Court and increase Plaintiff's attorneys' fees.

The critical discovery that remains outstanding will inform both sides about the strength of Plaintiff's claims. In addition to *Monell* discovery, critical fact discovery regarding the correctional officers present for Plaintiff's assault, Plaintiff's assailants, and the assault itself remains outstanding; among other things, Defendants: (1) have not confirmed the correctional officers who were present or assigned to Plaintiff's housing unit at the time he was attacked or provided materials relating to the two officers that have been identified to date (Defendants Espejo and Figuerora); (2) have not produced Mr. Wilson and Mr. Rivera's histories of gang affiliation and violence, separation orders, and disciplinary records; and (3) have not produced (or else confirmed and explained the non-existence of) relevant surveillance video. In addition, Plaintiff recently underwent an additional surgery for his injuries, and the parties are in the process of

---

[1] Defendants' letter motion is inconsistent on this point. For the avoidance of confusion, a settlement demand *has* been served.


Hon. Katherine Polk Failla
December 8, 2023
Page 2

obtaining the resulting medical records, which Defendants have represented they require to adequately assess Plaintiff's damages.

In addition, in response to Plaintiff's November 2, 2023 deposition notices, noticing the depositions of Defendants Esperjo and Figuerora for December 13 and 14, Defendants recently proposed alternative dates of December 15 and 18, which Plaintiff has accepted. Plaintiff believes these depositions, like the paper discovery discussed above, are necessary for the parties to engage in productive settlement discussions, particularly in light of the minimal amount of paper discovery Defendants have provided to date.

***

Finally, as for Defendants' request to file a substantive reply with affirmations in further support of their motion for reconsideration about *Monell* discovery, this would be Defendants' *fifth* submission on the issue. *See* Dkt. Nos. 42 (Defs' Oct. 11, 2023 Ltr.), 43 (Defs' Oct. 11, 2023 Resp. Ltr.), 67-1 (Tr. of Oct. 24, 2023 Conference), 54 (Defs' Nov. 7, 2023 Ltr.). But if the Court grants Defendants leave to file such a reply, Plaintiff requests an opportunity to respond to any new arguments or factual materials Defendants intend to place before the Court.

We appreciate the Court's time and attention to these issues.

Sincerely,

Adam Strychaluk
Joshua S. Moskovitz

cc:   All Counsel of Record

The Court is in receipt of several submissions from the parties and responds to each issue that the parties raise in turn. (See Dkt. #67, 69, 70).

*First*, Defendants request an extension of time to reply to Plaintiff's December 1, 2023 submission. (See Dkt. #69). Defendants' application is DENIED.

*Second*, after duly considering both parties' submissions regarding Defendants' November 7, 2023 motion for reconsideration, the motion is hereby DENIED. The Court maintains, however, that the scope of *Monell* discovery shall be limited to the City's policy of housing violent and non-violent inmates together.

In accordance with the above, the Court hereby LIFTS the stay on discovery in this matter. Plaintiff shall tailor his discovery requests to conform with the Court's clarification of the scope of *Monell* discovery and produce them to Defendants on or before **January 5, 2024**. The fact discovery deadline is hereby ADJOURNED to **February 5, 2024**, by which time Defendants' shall have fully responded to all outstanding discovery requests, including *Monell* discovery. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than **April 5, 2024**. The Court will not grant any further extensions absent extremely exigent circumstances.

*Third*, the Court is in receipt of Defendants' request for a referral to a Magistrate Judge for a settlement conference. (See Dkt. #69). Defendants' application is DENIED. The Court does not refer parties for settlement absent consent from all the parties. Furthermore, the Court agrees with Plaintiff that critical discovery remains outstanding.

Fourteen (14) days following the close of fact discovery, the parties are hereby ORDERED to jointly file a status letter and inform the Court whether the parties wish to be referred for settlement or request the Court schedule a post-fact conference.

The Court encourages the parties to meet and confer regarding any further disputes prior to raising them with the Court.

The Clerk of the Court is directed to terminate the pending motion at docket number 69.

Dated:    December 14, 2023         SO ORDERED.
          New York, New York

                                    *Katherine Polk Failla*

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE